**S.I.R.P.R.**

FILED - GR
February 17, 2023 12:53 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: KB/ 2/17

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**1:23-cv-178**
**Jane M. Beckering**
**U.S. District Judge**

JOSEPH BRUNEAU

     Plaintiff,

v.                                                  CASE NO:

GRAND VALLEY STATE UNIVERSITY              HON:

     Defendant.

| | |
|---|---|
| JOSEPH BRUNEAU, pro se | |
| Self-represented Plaintiff | |
| 32397 76th St. | |
| Covert, MI 49043 | |
| (845) 768-2484 | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **JOSEPH BRUNEAU**, pro se, and for his Complaint against the

above-named Defendant states as follows:

## INTRODUCTION

1.  This lawsuit seeks to put an end to Grand Valley State University's punitive, illegal, and discriminatory treatment of students with mental health disabilities.

2.  Despite having a policy of non-discrimination toward students with disabilities, Grand Valley State University maintains antiquated policies, practices, and procedures related to mental health that violate anti-discrimination laws.

3.  Grand Valley State University's policies, practices, and procedures amount to illegal disability discrimination and must be ceased immediately.

## JURISDICTION AND VENUE

4.  This is an action for injunctive relief, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, *et seq.*; and the Persons With Disabilities Civil Rights Act, ("Section 402"), Michigan Government Code M.C.L. § 37.1402, *et seq.*.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the ADA, and Section 504. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for claims arising under the Persons With Disabilities Civil Rights Act, Michigan Government Code M.C.L. § 37.1402.

6.  Venue is proper in the Southern District of Michigan pursuant to 28 U.S.C. § 1391(b), because: (1) Grand Valley State University and its real property are located in the District, and (2) a substantial part of the events or omissions giving rise to the claims occurred within the District.

2

7. Pursuant to the Southern District of Michigan Civil Local Rules 3.2(c), (e), (g), (i), because this action arises in Ottawa County, this action should be assigned to the Southern Division.

## PARTIES

8. Plaintiff Joseph Bruneau is a former Grand Valley State University student. He is currently barred from visiting the Grand Valley State University campus. He is a qualified individual with a disability for purposes of the ADA, Section 504, and related state laws.

9. Grand Valley State University is a public university located in Allendale, Michigan. As a place of education, Grand Valley State University qualifies as a "place of public accommodation" under Title III of the ADA as that term is defined under 42 U.S.C. § 12181(7)(J). Grand Valley State University is also a recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act and an educational institution according to Michigan Government Code M.C.L. § 37.1401.

## FACTUAL ALLEGATIONS

10. Grand Valley State University's policies, practices, and procedures have and continue to discriminate against Plaintiff, who has mental health disabilities, by denying him full and equal access to the benefits of Grand Valley State University's programs, facilities, and services.

11. Grand Valley State University discriminated against Joseph Bruneau on the basis of disability by expelling him–without adequate basis–from the University in October of 2022.

12. The events leading to the expulsion began when a GVSU official gave Joseph Bruneau a suspension order for allegedly lying on his admissions document. Joseph Bruneau's reaction

to receiving this order was improper and he was charged with assault by GVSU police. There was however, no actual physical violence. There was a pulling back of a fist in what may have been perceived to be in a threatening manner. The assault charge resulted in a guilty plea from Joseph Bruneau, and he was fined.

13. In the police report, one of the GVSU arresting officers described slight forward movement of the fist by Joseph Bruneau toward the staffer—there was, in fact, no forward movement. In her testimony during the disciplinary hearing, a GVSU conflict resolution staffer—who claims to also have been present during the delivery of the suspension order—described and demonstrated Joseph Bruneau taking a full—if half-hearted—swing at the staffer. If GVSU officials are going to manufacture imagined events which they claim actually occurred, can they not at least make sure these events match each other?

14. At the disciplinary hearing itself, Joseph Bruneau was expelled from the University. This is an overly harsh outcome to the preceding on its own, without regard to other factors.

15. Prior to the hearing, the GVSU conflict resolution staffer discussed with Bruneau the possibility of expulsion as an outcome because of Bruneau's "cumulative student conduct history." There was only one prior behavioral incident, and it involved no act of violence or threat of violence whatsoever. It was a sort of outburst in a GVSU class Bruneau had taken in 2007. The professor was concerned about Joseph Bruneau's well being and reported it. The case was resolved with an agreement Joseph Bruneau would receive counseling by a GVSU mental health counselor, which was completed. No further disciplinary action was taken. In discussion with the GVSU conflict resolution staffer, Joseph Bruneau made clear that this incident was the result of an emotional breakdown he was having at the time. A

4

result of his disorder, and this should be taken into account. The staffer, however, made no mention of this in the hearing. In fact, she made no mention of Joseph Bruneau's mental health disorder AT ALL during the hearing. She made no mention of the fact that Bruneau was hospitalized for his disorder just days after the incident in question, and this was a fact she was made aware of in previous conversations with Bruneau. The rest of Joseph Bruneau's time at GVSU was free of incident. Bruneau engaged in no instances of academic dishonesty, and maintained adequate grades at GVSU, graduating with a Bachelor of Science degree in 2007.

16. Joseph Bruneau's mental health disorder was a subject discussed at length with the conflict resolution staffer. Bruneau made it clear that the few problems he has had on the GVSU campus, as well as all other legal problems he has had were a direct result of his mental health disorder. It is unfortunately something that the conflict resolution staffer seems unable to even acknowledge. This is evidenced by her failure to even bring it up during the disciplinary hearing, and demonstrates the failure of the University to accommodate, or even attempt to fully acknowledge, much less accommodate, its students who have mental health disorders.

17. The disciplinary hearing itself and how it was set up are other matters of concern. In a preliminary meeting with the conflict resolution staffer, Bruneau made it clear he did not feel comfortable discussing his criminal responsibility in an incident where criminal proceedings were imminent, so there was no possibility to admit responsibility at that time. The conflict resolution staffer agreed to delay further action or scheduling of a hearing until after the criminal arraignment. On Sept. 29, 2022, the conflict resolution staffer said the

person who could schedule the hearing was away, would return Tuesday, October 4, 2022,

and could schedule the hearing sometime after that. Joseph Bruneau, assuming the hearing

would be scheduled some time after that week, scheduled work. The hearing was scheduled

for just 3 days later on Friday October 7, 2022, in the same week. It took place in his

absence before Bruneau even knew it was scheduled. Even if he had seen the hearing was

scheduled in time, he would not have been able to attend as he had scheduled work for that

week. Most people plan their schedule a week at a time. A hearing of such importance

should have been scheduled more than 3 days ahead of time; those scheduling it should also

attempt to confirm it with the subject of the hearing that they are indeed available to attend.

None of this occurred. The hearing took place and it resulted in Joseph Bruneau's expulsion

from GVSU. Bruneau informed the conflict resolution staffer that he was not aware of the

hearing beforehand, and he requested a new one. This request was denied. The staffer told

Bruneau he could appeal the ruling. Bruneau did so, but the merits of the appeal were not

even considered.

## FIRST CAUSE OF ACTION

### Violation of Title III of the Americans with Disabilities Act

### 42 U.S.C. § 12182, *et seq.*

18.  Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

19.  Title III of the Americans with Disabilities Act ("ADA") and its implementing regulations

entitle individuals with disabilities to the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations of any place of public accommodation.

42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

20. Plaintiff was an enrolled Grand Valley State University student who has a disability, was regarded as having a disability, or had a record of a disability, and thus was a qualified individual with disabilities within the meaning of the ADA. 42 U.S.C. § 12102.

21. At all times relevant to this action, Grand Valley State University has been and is a "place of public accommodation" within the meaning of Title III of the ADA, as an undergraduate or postgraduate school, or other place of education. 42 U.S.C. § 12181(7)(J).

22. Title III prohibits public accommodations from denying or affording an unequal opportunity to an individual or class of individuals with disabilities, on the basis of a disability, the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the entity or otherwise discriminating against them on the basis of disability. 42 U.S.C. § 12182(b)(1)(A)(i)–(ii); 28 C.F.R. § 36.202(a)–(b).

23. Title III provides that goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual. 42 U.S.C. § 12182(b)(1)(B); 28 C.F.R. § 36.203(a).

24. Title III provides that an individual or entity shall not utilize standards or criteria or methods of administration that screen out, tend to screen out, or have the effect of discriminating on the basis of disability such that persons with disabilities cannot fully and equally enjoy any goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. §§ 12182(b)(1)(D)(i), 12182(b)(2)(A)(i); 28 C.F.R. §§ 36.204, 36.301(a).

25. Title III further defines discrimination to include the failure of a public accommodation to make reasonable modifications in policies, practices, or procedures, when such

modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

26. Grand Valley State University has violated Title III of the ADA by denying Plaintiff, on the basis of disability, the opportunity to fully and equally enjoy, participate in, and benefit from Grand Valley State University's goods, services, facilities, privileges, advantages, and accommodations.

27. Grand Valley State University has violated Title III of the ADA by maintaining and executing a policy that utilizes eligibility criteria and methods of administration that have the effect of discriminating against students with mental health disabilities by tending to screen them out of—and make it more onerous for them to regain access to—campus services, facilities, privileges, advantages, and accommodations, on the basis of disability.

28. Grand Valley State University has violated Title III of the ADA by failing to make reasonable modifications to its policies, practices, or procedures to ensure that Plaintiff has equal access to the benefits of Grand Valley State University's goods, services, facilities, privileges, advantages, and accommodations.

29. Grand Valley State University has violated Title III of the ADA by failing to provide Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to his needs.

30. Grand Valley State University's conduct constitutes ongoing and continuous violations of the ADA, and unless restrained from doing so, Grand Valley State University will continue to violate the ADA. This conduct, unless enjoined, will continue to inflict injuries for which

Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive

relief pursuant to section 308 of the ADA (42 U.S.C. § 12188), as well as reasonable

attorneys' fees and costs, 42 U.S.C. § 12205.

31. WHEREFORE, Plaintiff requests relief as set forth below.

**SECOND CAUSE OF ACTION**

**Violation of Section 504 of the Rehabilitation Act of 1973**

**29 U.S.C. § 794,** *et seq.*

32. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

33. Section 504 of the Rehabilitation Act of 1973 ("Section 504") provides that otherwise

qualified individuals with disabilities shall not, solely by reason of their disability, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination

under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a); 34

C.F.R. § 104.4(a).

34. As an individual with mental health disabilities or who has a record thereof or who has been

regarded as having a disability, Plaintiff is a person with disabilities within the meaning of

Section 504. 29 U.S.C. § 794(a); 29 U.S.C. § 705(20). As an admitted former student who

left the University in good academic standing, Plaintiff is otherwise qualified to participate

in Grand Valley State University's services, programs, and activities. 34 C.F.R. § 104.3(l)

(3).

35. As a University, Grand Valley State University's operations are qualified programs or

activities within the meaning of Section 504. 29 U.S.C. § 794(b)(2)(A); 34 C.F.R. §§

104.3(k)(2)(i), 104.41. As an educational institution which permits students to pay

education-related costs with the assistance of Federal grants and loans, and has done so at all

times relevant to the claims asserted in this Complaint, Grand Valley State University is a

recipient of Federal financial assistance sufficient to invoke Section 504 coverage. 34 C.F.R.

§ 104.3(h).

36.  Section 504 implementing regulations promulgated by the Department of Education ("DOE

regulations") provide that recipients of Federal financial assistance, in providing any aid,

benefit, or service, may not, on the basis of disability, discriminate against an otherwise

qualified person with a disability by providing them with an opportunity to participate in or

benefit from the aid, benefit, or service that is different, separate, not equal, or not as

effective as that which is afforded others. 34 C.F.R. § 104.4(b)(1)(i)–(iv).

37.  DOE regulations further prohibit recipients of Federal financial assistance from limiting a

qualified individual with a disability in the enjoyment of any right, privilege, advantage, or

opportunity enjoyed by others receiving any aid, benefit, or service. 34 C.F.R. § 104.4(b)(1)

(vii).

38.  DOE regulations prohibit recipients of Federal financial assistance from utilizing criteria or

methods of administration, including within its admission policies, that have an adverse

effect on persons with disabilities, or that have the purpose or effect of defeating or

substantially impairing accomplishment of the recipient's program or activity objectives

with respect to qualified persons with disabilities. 34 C.F.R. §§ 104.4(b)(4), 104.42(b)(2).

39.  DOE regulations provide that no qualified student with a disability shall, on the basis of

disability, be excluded from participation in, be denied the benefits of, or otherwise be

subjected to discrimination under any academic, research, housing, health insurance,

counseling, financial aid, athletics, recreation, other extracurricular, or other postsecondary education aid, benefits, or services. 34 C.F.R. § 104.43(a). *See also* 34 C.F.R. §§ 104.43(c), 104.52(a)(1).

40. DOE regulations require covered entities to operate their program or activity in the most integrated setting appropriate. 34 C.F.R. § 104.43(d).

41. Grand Valley State University has violated Section 504 by denying Plaintiff the benefits of its programs services and activities on the basis of disability.

42. Grand Valley State University has violated Section 504 by maintaining rules, including eligibility criteria and methods of administration, that have the effect of discriminating against students with mental health disabilities by tending to screen them out of maintaining student status and access to campus resources, including housing, on the basis of disability.

43. As a proximate result of Grand Valley State University's violations of Section 504 of the Rehabilitation Act, Plaintiff has been injured as set forth herein.

44. Because Grand Valley State University's discriminatory conduct presents a real and immediate threat of current and continuing violations, injunctive relief is an appropriate remedy pursuant to 29 U.S.C. § 794a.

45. Plaintiff has no adequate remedy at law and unless the relief requested herein is granted, Plaintiff will suffer irreparable harm in that he will continue to be discriminated against and denied access to Grand Valley State University's programs and services. Consequently, Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs. 29 U.S.C. § 794a(a)(2) & (b).

46. WHEREFORE, Plaintiff requests relief as set forth below.

## THIRD CAUSE OF ACTION

### Violation of the Persons With Disabilities Civil Rights Act

### Act 220 of 1976 Michigan Government Code M.C.L. § 37.1101, *et seq.*

47.  Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

48.  The Michigan Persons With Disabilities Civil Rights Act provides that the opportunity to

obtain employment, housing, and other real estate and full and equal utilization of public

accommodations, public services, and educational facilities without discrimination because

of a disability is guaranteed by this act and is a civil right.

49.  Michigan Government Code M.C.L. § 37.1402(a) provides that no institution shall

discriminate in any manner in the full utilization of or benefit from the institution, or the

services provided and rendered by the institution to an individual because of a disability that

is unrelated to the individual's ability to utilize and benefit from the institution or its

services, or because of the use by an individual of adaptive devices or aids.

50.  Michigan Government Code M.C.L. § 37.1402(b) provides that no institution shall exclude,

expel, limit, or otherwise discriminate against an individual seeking admission as a student

or an individual enrolled as a student in the terms, conditions, and privileges of the

institution, because of a disability that is unrelated to the individual's ability to utilize and

benefit from the institution, or because of the use by an individual of adaptive devices or

aids.

51.  As persons with mental health disabilities, Plaintiff meets the definition of a "person with

disabilities" according to M.C.L. § 37.1103(h).

52. Grand Valley State University fits the definition of an educational institution according to M.C.L. § 37.1401.

53. Grand Valley State University has denied Plaintiff full and equal access to the benefits of Grand Valley State University's programs and activities, on the basis of disability.

54. Grand Valley State University has violated Michigan Government Code M.C.L. § 37.1402 by excluding Plaintiff, who has mental health disabilities from the full utilization of or benefit from the institution, or the services provided and rendered by the institution.

55. Grand Valley State University's actions have violated and continue to violate Michigan Government Code M.C.L. § 37.1402 and therefore Plaintiff is entitled to injunctive relief to remedy the discrimination, and damages including reasonable attorneys' fees. M.C.L. § 37.1606(1)(3).

56. As a proximate result of Grand Valley State University's violations of Michigan Government Code M.C.L. § 37.1402, Plaintiff has been injured as set forth herein.

57. Plaintiff has no adequate remedy at law. Unless the relief requested herein is granted, Plaintiff will suffer irreparable harm in that he will continue to be discriminated against and denied full access to Grand Valley State University's facilities, programs, services, and activities on the basis of disability. Consequently, Plaintiff is entitled to injunctive relief and reasonable attorneys' fees and costs.

58. WHEREFORE, Plaintiff requests relief as set forth below.

## REQUEST FOR RELIEF

59. WHEREFORE, Plaintiff requests relief as follows:

60. An injunction requiring Grand Valley State University to reinstate Plaintiff as an individual able to enroll as a student at the University without impediment or restriction.

61. An order enjoining Grand Valley State University and its employees, agents, and any and all other persons acting on Grand Valley State University's control from violating the ADA, Section 504 of the Rehabilitation Act, and related state laws.

62. A permanent injunction pursuant to the ADA, Section 504 of the Rehabilitation Act, and related state laws requiring Grand Valley State University to modify its policies and procedures to ensure that students with mental health disabilities have nondiscriminatory, full and equal access to academic, housing, health, insurance, and all other facilities, services, and activities provided by Grand Valley State University.

63. Award Plaintiff's attorney's fees and costs, as provided by statute.

64. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

JOSEPH BRUNEAU pro se

BY: _Joseph Bruneau_

Self-represented Plaintiff
32397 76th St.
Covert, MI 49043
(845) 768-2484

Dated: Feb. 17, 2023

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH BRUNEAU

        Plaintiff,

v.                                           CASE NO:

GRAND VALLEY STATE UNIVERSITY       HON:

        Defendant.

| JOSEPH BRUNEAU, pro se | |
|---|---|
| Self-represented Plaintiff | \| |
| 32397 76th St. | \| |
| Covert, MI 49043 | \| |
| (845) 768-2484 | \| |

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, **JOSEPH BRUNEAU**, pro se, and hereby makes a Demand for

Trial by Jury in the above-captioned matter.

                          Respectfully Submitted,

                          JOSEPH BRUNEAU pro se

                          BY: _Joseph Bruneau_

                          Self-represented Plaintiff

                          32397 76th St.

                          Covert, MI 49043

                          (845) 768-2484

Dated: Feb. 17, 2023