# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH BRUNEAU,

    Plaintiff,

v

GRAND VALLEY STATE UNIVERSITY,

    Defendant.

Case No. 1:23-cv-178

HON. JANE M. BECKERING

MAGISTRATE JUDGE PHILLIP GREEN

Joseph Bruneau, pro se
32397 76th Street
Covert, Michigan 49043
(845) 768-2484

Edward J. Bardelli (P53849)
WARNER NORCROSS + JUDD LLP
1500 Warner Building
150 Ottawa Ave., NW
Grand Rapids, Michigan 49503
616.752.2165
ebardelli@wnj.com
*Attorneys for Defendant*

## DEFENDANT GRAND VALLEY STATE UNIVERSITY'S
## BRIEF IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... ii
TABLE OF AUTHORITIES ............................................................................................. iii
INTRODUCTION ............................................................................................................... 1
BACKGROUND ................................................................................................................. 2
STANDARD OF REVIEW ................................................................................................. 3
ARGUMENT ....................................................................................................................... 4
I.     The Complaint Should be Dismissed Because It Does Not Plausibly Allege Causation .... 4
II.    The Complaint Should Be Dismissed with Prejudice Because Plaintiff Admits to a Pattern of Misconduct that Culminated in Criminal Assault of a School Official. .......................... 9
CONCLUSION .................................................................................................................... 9
CERTIFICATE OF COMPLIANCE ................................................................................. 10
CERTIFICATE OF SERVICE .......................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                               **Page(s)**

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*,
   727 F.3d 502 (6th Cir. 2013) ................................................................................ *passim*

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................3, 4, 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................................3, 4

*Doherty v. S. Coll. of Optometry*,
   862 F.2d 570 (6th Cir. 1988) ..............................................................................................5

*Dunning v. War Mem'l Hosp.*,
   534 F. App'x 326 (6th Cir. 2013) .......................................................................................5

*La Riccia v. Cleveland Clinic Found.*,
   No. 21-3990, 2022 WL 18207187 (6th Cir. Aug. 24, 2022) ........................................ *passim*

*Miller v. Calhoun Cnty.*,
   408 F.3d 803 (6th Cir. 2005) ..............................................................................................9

*Thompson v. Williamson Cnty., Tennessee*,
   219 F.3d 555 (6th Cir. 2000) ..........................................................................................7, 8

*Wells v. Brown*,
   891 F.2d 591 (6th Cir. 1989) ..............................................................................................4

*Williams v. Hall*,
   No. 21-5540, 2022 WL 2966395 (6th Cir. July 27, 2022) ..................................................4

**Statutes**

29 U.S.C. § 794 .......................................................................................................................3

42 U.S.C. § 12182 ........................................................................................................... *passim*

MCL § 37.1402 ....................................................................................................................3, 5

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................ *passim*

Fed. R. Civ. P. 15 ....................................................................................................................9

**INTRODUCTION**

The law does not prohibit a public university from expelling a student for a pattern of misconduct that culminates in pleading guilty to criminal assault of a school official. That, however, is exactly what Plaintiff asks this Court to do. Plaintiff is suing Defendant Grand Valley State University ("GVSU") for alleged disability discrimination, even though Plaintiff admits in his complaint (ECF No. 1, PageID.1) (the "Complaint") that he was suspended for allegedly lying on his admissions document, and his reaction to receiving the suspension was to criminally assault a school official, which led to his expulsion. These incriminating admissions alone are enough to dismiss the Complaint in its entirety.

But it gets worse. The Complaint not only offers up criminal assault on a silver platter, it fails to allege a single fact that would support an inference of discrimination. Plaintiff does not allege that negative statements or attitudes were ever expressed towards him regarding his disability. He does not allege that similarly situated individuals—i.e., individuals convicted of criminal assault of a school official—have been treated differently. And he does not explain why he should not have been expelled. Instead, Plaintiff alleges that he (1) has a mental disability, (2) engaged in a pattern of inappropriate behavior that ended with his criminal assault of a school official, and (3) was then expelled. The *only* plausible inference from these allegations is that GVSU expelled Plaintiff because of his conduct, not his disability.

Accordingly, GVSU respectfully requests the Court to dismiss the Complaint in its entirety and with prejudice under Fed. R. Civ. P. 12(b)(6). By admitting to a pattern of misconduct that included criminal assault, Plaintiff pled himself out of court. Against that backdrop, no amendment could plausibly give rise to an inference of discrimination.

**BACKGROUND**

Plaintiff alleges the following:

Plaintiff is an individual with "mental health disabilities" who first attended GVSU in the mid- to late-2000s and graduated in 2007. Compl. ¶¶ 10, 15 (PageID.3, 4-5). Prior to his graduation, Plaintiff had an "outburst in . . . class." *Id.* ¶ 15 (PageID.4-5). "The professor was concerned about" Plaintiff's "well being and reported it." *Id.* "The case was resolved with an agreement" that Plaintiff "would receive counseling by a GVSU mental health counselor, which was completed." *Id.* This outburst "was the result of an emotional breakdown" that was, in turn, "a result of his disorder." *See id.*

Fifteen years later Plaintiff re-enrolled at GVSU for the fall 2022 semester. *See id.* ¶ 11 (PageID.3). Shortly after enrolling, a GVSU official gave Plaintiff a suspension order for "allegedly lying on his admissions document." *Id.* ¶ 12 (PageID.3-4). Plaintiff's "reaction to receiving this order was improper," *id.*, because he assaulted the GVSU official. *See id.* He was then "charged with assault by GVSU police" and later pled guilty to the charge. *Id.* According to Plaintiff, "there was . . . no actual physical violence." *Id.* "There was a pulling back of a fist in what may have been perceived to be in a threatening manner." *Id.*

Following the assault, the matter moved toward a disciplinary hearing. A "GVSU conflict resolution staffer" told Plaintiff that expulsion was a possibility because of Plaintiff's "cumulative student conduct history." *Id.* ¶ 15 (PageID.4-5). Plaintiff informed the staffer that the "few problems he has had on the GVSU campus, as well as all other legal problems he has had were a direct result of his mental health disorder." *Id.* ¶ 16 (PageID.5). He further informed the staffer that "he did not feel comfortable discussing his criminal responsibility" at a disciplinary hearing while actual "criminal proceedings were imminent." *Id.* ¶ 17 (PageID.5-6). The staffer told

Plaintiff that "the person who could schedule the hearing was away, would return Tuesday, October 4, 2022, and could schedule the hearing sometime after that." *Id.*

The hearing was eventually set for October 7, 2022, and held in Plaintiff's absence. *See id.* Plaintiff alleged he did not know the hearing had been scheduled. *See id.* The conflict resolution staffer who had worked with Plaintiff spoke at the hearing, but did not mention Plaintiff's disability. *See id.* ¶ 16 (PageID.5). "At the disciplinary hearing" Plaintiff "was expelled from the University." *Id.* ¶ 14 (PageID.4).

Plaintiff believes that his expulsion was "overly harsh" and that GVSU expelled him because of his disability, not his conduct. *See id.* ¶¶ 14, 26, 41, 53 (PageID.4, 8, 11, 13). In his Complaint, Plaintiff alleges that GVSU—by expelling him—discriminated against him in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12182, the Rehabilitation Act, 29 U.S.C. § 794, and Michigan's Persons with Disabilities Civil Rights Act ("MPWDCRA"), MCL § 37.1402. *See id.*

## STANDARD OF REVIEW

A complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). Rather, it "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'ship v.*

3

*Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 682; *Twombly*, 550 U.S. at 567).

Notably, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("courts are not bound to accept as true a legal conclusion couched as a factual allegation" (citation omitted)); *16630 Southfield,* 727 F.3d at 504 (6th Cir. 2013) ("[A] plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law."). This rule "serves a vital practical function: It prevents plaintiffs from launching a case into discovery—and from brandishing the threat of discovery during settlement negotiations—when there is no reasonable likelihood that they can construct a claim from the events related in the complaint." *Id.* (cleaned up) (citing *Twombly*, 550 U.S. at 558).

Although *pro se* pleadings are liberally construed, "the basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither . . . [the Supreme] Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

## ARGUMENT

**I.     The Complaint Should be Dismissed Because It Does Not Plausibly Allege Causation.**

The Complaint should be dismissed because it does not plausibly allege that Plaintiff was expelled because of his disability. Causation is an essential element for all three of Plaintiff's claims. *See La Riccia v. Cleveland Clinic Found.*, No. 21-3990, 2022 WL 18207187, at *2 (6th Cir. Aug. 24, 2022) (addressing causation in the ADA, 42 U.S.C. § 12182, and the Rehabilitation

Act, 29 U.S.C. § 794); MCL § 37.1402(a). Accordingly, a complaint alleging discrimination under the ADA, Rehabilitation Act, or MPWDCRA must—at a minimum—contain factual allegations that plausibly support an inference that the plaintiff was discriminated against because of a disability.[1] *See La Riccia*, 2022 WL 18207187, at *2; MCL § 37.1402(a). A plaintiff does not satisfy this standard by simply pleading a disability and adverse action. *See La Riccia*, 2022 WL 18207187, at *2; *cf. Flagstar*, 727 F.3d at 505 (observing this principle in race discrimination context). Additionally, because "you can't assess the plausibility of an inference in a vacuum," courts should evaluate the plausibility of discrimination in light of competing explanations. *Flagstar*, 727 F.3d at 505. "Where the complaint alleges facts that are merely consistent with liability . . . the existence of obvious alternative explanations . . . illustrates the unreasonableness of the inference sought and the implausibility of the claims made." *Flagstar*, 727 F.3d at 505.

Both *Flagstar* and *La Riccia* demonstrate these principles. In *Flagstar*, the plaintiff, through a real estate venture he partially owned (the "Company"), "borrowed $13 million from Flagstar Bank." 727 F.3d at 503. The Company was unable to pay back the loan when it came due in 2009, and Flagstar agreed to restructure it. *Id.* Three years later, the plaintiff asked for an extension of the new repayment deadline. *Id.* The Bank refused, even though the plaintiff "offered additional collateral and his wife's guarantee." *Id.* The plaintiff sued Flagstar, alleging discrimination "on account of [plaintiff's] . . . Iraqi origin." *Id.* The district court dismissed the complaint under Rule 12(b)(6), and the Sixth Circuit affirmed, because "the complaint alleges facts that are merely consistent with liability (i.e., being Iraqi and being denied a loan extension)," and

---

[1] The Rehabilitation Act and the ADA impose causation requirements that are more demanding than the "because of" standard. *See Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988) (noting sole cause standard under Rehabilitation Act, 29 U.S.C. § 794); *Dunning v. War Mem'l Hosp.*, 534 F. App'x 326, 333 (6th Cir. 2013) (citing *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc)) (noting "but for" standard under ADA, 42 U.S.C. § 12182(a)). For ease of analysis, this section proceeds under the minimum standard that is common to all three claims.

5

there was an "obvious alternative explanation." *Id.* at 505. The obvious alternative explanation was that Flagstar was simply concerned about repayment. *See id.* at 505. And the plaintiff's allegations that he had offered "additional collateral and his wife's guarantee" to secure the extension did "not tip the scales." *Id.*

*La Riccia* is similar. There, the plaintiff alleged she had a "'a debilitating and exceedingly rare neurologic disorder called Mal de Debarquement Syndrome' . . . that is hard to diagnose." *La Riccia*, 2022 WL 18207187, at *1. "She sought treatment" from a doctor "who diagnosed her and treated her for six months." *Id.* However, she and the doctor continually engaged in "personal nonmedical conversation" via "Cleveland Clinic's MyChart online application," in "violation of MyChart policies." *Id.* The doctor's "supervisor determined that these communications were inappropriate, terminated [plaintiff's] . . . relationship with" the doctor "and disabled her MyChart messaging function." *Id.*

The plaintiff and her husband, proceeding *pro se*, sued and alleged discrimination based on her disability in violation of, *inter alia*, the ADA (42 U.S.C. § 12182) and the Rehabilitation Act (29 U.S.C. § 794). *Id.* In evaluating the defendants' motion to dismiss under Rule 12(b)(6), the district court noted that "[a]ll of these statutes require as a central element of a cause of action that Plaintiffs plead facts suggesting the Defendants discriminated against La Riccia on the basis of a disability." *Id.* The district court dismissed the claim because the allegations did not establish causation. *See id.* Instead, the complaint "alleged only 'that the Defendants were motivated to transfer her care to another physician by the very personal and non-medical content of the messages La Riccia exchanged . . . through MyChart.'" *Id.*

The Sixth Circuit agreed and held that the plaintiff "did not adequately allege" that "the defendants discriminated against" her "on account of her disability." *Id.* at *2. "Instead, the

6

plaintiffs' own allegations show that the defendants ended La Riccia's treatment relationship with" the doctor "because of their inappropriate messaging," which is not "discrimination on the basis of disability." *Id.*

The court also rejected the plaintiff's argument that she established causation because her "messages stemmed from her mental disability." *Id.* As the court put it, "even if the messages were related to La Riccia's disability, it does not follow that the defendants took their actions because of her disability." *Id.* (citing *Thompson v. Williamson Cnty., Tennessee*, 219 F.3d 555, 558 (6th Cir. 2000)). "[T]he defendants' actions regarding La Riccia's 'care would have been handled the same way if she had no illness and was exchanging personal, non-medical messages with any physician through MyChart.'" *Id.*

Here, the Complaint is worse than *Flagstar*, and indistinguishable from *La Riccia*, which involved identical claims brought under the ADA, 42 U.S.C. § 12182, and the Rehabilitation Act, 29 U.S.C. § 794. In *Flagstar*, the Sixth Circuit held that the plaintiff had only pled facts consistent with liability, even though he alleged that he had offered the bank additional collateral and his wife's guarantee to secure the loan. *See* 727 F.3d at 503, 505. Here, the Complaint is completely devoid of allegations like the additional collateral or the guarantee in *Flagstar* that would suggest a different outcome other than expulsion was warranted. Plaintiff does not allege that similarly situated individuals have been treated differently, or that GVSU officials made negative comments about his disability. Instead, he alleges he has a disability and was expelled. Under *Flagstar*, that is not enough.

But the Complaint goes even further in the wrong direction because Plaintiff pleads that he engaged in a pattern of misconduct that culminated with criminal assault of a school official resulting in his expulsion. In other words, he affirmatively pleads a legitimate explanation for the

7

school's action. As a result, this case is just like *La Riccia*, where the complaint affirmatively alleged the inappropriate messaging that reasonably explained the decision to terminate the plaintiff's relationship with her doctor. *La Riccia*, 2022 WL 18207187, at *1–2. Here, Plaintiff affirmatively alleged that he was suspended for allegedly lying on his admissions document and when presented with the suspension he criminally assaulted a school official, which resulted in his expulsion. This pattern of bad conduct is an obvious explanation for Plaintiff's expulsion that does not just "illustrate[] the unreasonableness of the inference sought and the implausibility of the claims made," *Flagstar*, 727 F.3d at 503, it is—like *La Riccia*—the *only* explanation that is plausibly supported by the Complaint, 2022 WL 18207187, at *2. And this conclusion is even further supported by Plaintiff's allegation that the conflict resolution staffer *did not* mention his disability at the hearing.

Plaintiff appears to assume that because he alleges his poor conduct was caused by his disability, expulsion for his conduct is equivalent to expulsion for the disability. That is exactly what the plaintiff in *La Riccia* argued, when she claimed to have established causation because her "messages stemmed from her mental disability." *Id.* The Sixth Circuit rejected that argument, because "even if the messages were related to La Riccia's disability, it does not follow that the defendants took their actions because of her disability." *Id.* The same is true here: GVSU's "actions regarding" Plaintiff's expulsion "would have been handled the same way if" he "had no illness" and had a track record of misconduct culminating in criminal assault of a school official. *Id.*; *see also Thompson*, 219 F.3d at 558 ("[I]f the decedent was denied access to medical services it was because of his violent, threatening behavior, not because he was mentally disabled.").

Finally, to the extent Plaintiff argues he has advanced other theories of liability in the Complaint, that contention should be rejected. Plaintiff has made several conclusory allegations

8

where he claims disparate impact and failure to accommodate based on discriminatory policies. *See, e.g.*, Compl. ¶¶ 27, 28. But his Complaint does not identify any facts (such as an actual policy or similarly situated individuals) that would tend to support those theories. Accordingly, these allegations, are "nothing more than conclusions" that do "not unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.

In short, because the only explanation for Plaintiff's expulsion that is plausibly supported by the Complaint is Plaintiff's misconduct, the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

## II. The Complaint Should Be Dismissed with Prejudice Because Plaintiff Admits to a Pattern of Misconduct that Culminated in Criminal Assault of a School Official.

The Court should dismiss this case with prejudice and deny any requested leave to amend, because amending the Complaint would be futile. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend, however, where amendment would be 'futile.'"); *see also* Fed. R. Civ. P. 15(a)(2). The facts alleged by Plaintiff himself in the Complaint establish a pattern of poor behavior, involving alleged dishonesty on an admissions application and criminal assault. These allegations conclusively establish that Plaintiff would have been expelled regardless of whether he has a disability. Accordingly, the Court should dismiss the Complaint with prejudice and refuse leave to amend.

## CONCLUSION

For the foregoing reasons, GVSU respectfully asks the Court to dismiss the Complaint in its entirety with prejudice.

| | |
|---|---|
| Date: March 14, 2023 | */s/Edward J. Bardelli* <br> Edward J. Bardelli (P53849) <br> *Attorneys for Defendant* |

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that Defendant Grand Valley State University's Brief in Support of Motion to Dismiss complies with the type-volume limitation pursuant to W.D. Mich. LCivR 7.2(b). The brief contains 2,845 words of Times New Roman 12-point proportional type. The word processing software used to prepare this brief was Microsoft Word, Version 2208.

Date: March 14, 2023               */s/Edward J. Bardelli*
                                    Edward J. Bardelli (P53849)
                                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned states that a copy Defendant Grand Valley State University's Brief in Support of Motion to Dismiss was sent to Plaintiff by mailing it to him in compliance with Federal Rule of Civil Procedure 5(b)(2)(C) and W.D. Mich. LCivR 5.7(i)(iii) at his address listed on his Complaint.

Date: March 14, 2023               */s/Edward J. Bardelli*
                                    Edward J. Bardelli (P53849)
                                    *Attorneys for Defendant*