UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU,

   Plaintiff,         Hon. Jane M. Beckering

v.               Case No. 1:23-cv-178

GRAND VALLEY STATE UNIVERSITY,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss.  (ECF No. 5). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action, pro se, on February 17, 2023, against Grand Valley State University.  (ECF No. 1).  Plaintiff is "a former Grand Valley State University [GVSU] student" who is "currently barred from visiting the [GVSU] campus."  In his complaint, Plaintiff alleges the following.

On an unspecified date, a "GVSU official" provided Plaintiff with a "suspension order for allegedly lying on his admissions document."  Plaintiff's "reaction to receiving this order was improper and he was charged with assault by GVSU police."  Plaintiff,

-1-

however, did not engage in any "actual physical violence," but rather, a "pulling back of a fist in what may have been perceived to be in a threatening manner."[1]

Plaintiff subsequently pleaded guilty to assault resulting in the imposition of a fine. At a later GVSU disciplinary hearing, Plaintiff was expelled from GVSU, in part because of his history of previous behavioral incidents. GVSU failed to take into consideration, however, Plaintiff's history of "mental health disorder" when resolving this matter. As a result, Plaintiff's expulsion by GVSU violated his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, as well as the Michigan Persons with Disabilities Civil Rights Act. Defendant GVSU now moves to dismiss Plaintiff's claims. Plaintiff has failed to respond to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that

---

[1] Under Michigan law, assault does not require "actual physical violence," but instead, merely conduct that "places another in reasonable apprehension of a battery." *See, e.g., People v. Johnson*, 2018 WL 4658787 at *1 (Mich. Ct. App., Sept. 27, 2018).

all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

### I. Failure to Allege Causation

Plaintiff alleges that Defendant violated his rights under Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act (ADA). To prevail on his Rehabilitation Act claim, Plaintiff must establish the following elements: (1) he is disabled; (2) he is otherwise qualified; and (3) he was excluded from participation in, denied benefits, of, or subjected to discrimination under a program because of his disability. *See, e.g., K.B. by Next Friend T.B. v. Michigan Department of Health and Human Services*, 367 F.Supp.3d 647, 659 (E.D. Mich. 2019).

To prevail on his ADA claim, Plaintiff must establish the following elements: (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) Defendant took action against Plaintiff that was based upon Plaintiff's disability; and (4) Defendant failed to make reasonable modifications that would accommodate Plaintiff's disability without fundamentally altering the nature of the public accommodation. *See, e.g., Powell v. Bartlett Medical Clinic and Wellness Center*, 2021 WL 243194 at *8 (S.D. Ohio, Jan. 25, 2021).

Both claims require Plaintiff to establish that he was discriminated against *because of* his disability or, stated differently, Plaintiff must allege causation between his disability status and the alleged discrimination he experienced. *See, e.g., La Riccia v. Cleveland Clinic Foundation*, 2022 WL 18207187 at *2 (6th Cir., Aug. 24, 2022).

Plaintiff has failed, however, to allege facts from which any reasonable person could conclude that Plaintiff was discriminated against based on, or because of, his alleged disability. To the contrary, Plaintiff concedes that he was expelled from GVSU for committing assault on a GVSU employee, a crime to which Plaintiff concedes he pleaded guilty. Plaintiff having failed to allege facts demonstrating the requisite causal connection, the undersigned recommends that Defendant's motion be granted.

## II.     State Law Claims

Plaintiff further alleges that Defendant violated his rights under the Michigan Persons with Disabilities Civil Rights Act. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, the undersigned recommends that Plaintiff's federal law claims be dismissed for failure to state a claim on which relief may be granted. Accordingly, the undersigned likewise recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead that such be dismissed without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 5) be granted.  Specifically, the undersigned recommends that Plaintiff's ADA and Rehabilitation Act claims be dismissed for failure to state a claim on which relief may be granted.  The undersigned further recommends that Plaintiff's state law claims be dismissed without prejudice and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 23, 2023                                     /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge